UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| JEREMIAH D. JACKSON | NO. 24-00032-BAJ-EWD-1 |

### RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss Count Two Of The Indictment (Doc. 25, the "Motion")**, which raises an as-applied constitutional challenge to 18 U.S.C. § 922(o) and 26 U.SC. § 5845(b). The United States opposes the Motion. (Doc. 27). For the following reasons, Defendant's Motion will be **DENIED**.

I.  BACKGROUND

On April 4, 2024, the Grand Jury for the Middle District of Louisiana handed down a two-count Indictment against Defendant Jeremiah D. Jackson. (Doc. 1). Count One charges Defendant with distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1). (*Id.* at 1). Count Two charges Defendant with possession and transfer of machineguns in violation of 18 U.S.C. § 922(o). (*Id.*). Count Two specifically alleges that Defendant possessed seven "machinegun conversion devices." (*Id.*). Defendant only seeks to dismiss Count Two of the Indictment. (*See* Doc. 25).

II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial

on the merits." Fed. R. Crim. P. 12(b)(1).

Here, Defendant pursues an "as applied" challenge to 18 U.S.C. § 922(o) and 26 U.SC. § 5845(b). (Doc. 25). "The distinction between as applied and facial challenges is sometimes hazy." *United States v. Perez*, 43 F.4th 437, 443 (5th Cir. 2022) (citation omitted). Generally, however, in an as-applied challenge, the Court assesses whether a law with some permissible uses "is nonetheless unconstitutional as applied to [the defendant's] activity." *Spence v. Washington*, 418 U.S. 405, 414 (1974) (reversing defendant's criminal conviction); *see Street v. New York*, 394 U.S. 576, 594 (1969) (same). By contrast, in a facial challenge, the Court's analysis is considerably broader in scope, assessing whether a law "could never be applied in a valid manner." *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984).

The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). "The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct." *Jordan v. De George*, 341 U.S. 223, 230

2

(1951). "The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" *Johnson*, 576 U.S. at 595–96 (quoting *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926)).

"[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). In determining whether a law is unconstitutionally vague, "[t]he touchstone is whether the statute, either standing alone or as construed by the courts, made it reasonably clear at the time of the charged conduct that the conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 259 (1997).

Aside from exceptions not applicable here, 18 U.S.C. § 922(o) outlaws the transfer or possession of "machinegun[s]." *See* 18 U.S.C. § 922(o). 18 U.S.C. § 922(o) borrows the definition of "machinegun" from the National Firearms Act (26 U.SC. § 5845(b)). *See* 18 U.S.C. § 921(a)(24). The National Firearms Act defines "machinegun" as follows:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control

of a person.

26 U.SC. § 5845(b).

### III. DISCUSSION

Defendant contends that 18 U.S.C. § 922(o) is unconstitutionally vague because the term "machinegun," as defined by 26 U.SC. § 5845(b), is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." (Doc. 25-1 at 2–3). Defendant argues that the phrase "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun" creates the ambiguity. (*Id.* at 6). Defendant asserts that the phrases "designed and intended solely and exclusively" and "designed and intended" refer to the subjective intent of a third party—the party that created the part or combination of parts in question. (*Id.*). Defendant argues that these phrases require defendants to have knowledge of the "sole[] and exclusive" subjective intent of the maker. (*Id.* at 8). Defendant specifies that "[a]n ordinary citizen cannot look at the pieces of plastic or metal and know by their objective features that he cannot posses them. Rather he is required to know the mind of a third party to divine if his conduct is outlawed." (*Id.*).

Defendant cites no direct support for this proposition. (*See* Doc. 25-1). Instead, Defendant contrasts his situation with that of a case decided by the United States Court of Appeals for the Ninth Circuit: *United States v. Kuzma*, 967 F.3d 959

4

(9th Cir. 2020).[1] (Doc. 25-1 at 4–8). In *Kuzma*, the defendant argued that the "is designed to shoot" language from § 5845(b) was unconstitutionally vague because it supposedly required defendants to divine the "*subjective* intent or purpose of the designer or manufacturer." *See Kuzma*, 967 F.3d at 968. The Ninth Circuit, in rejecting this argument, assessed the phrase according to its ordinary meaning since the phrase, like the language challenged in this case, is not further defined by the statute. *See id.* (citing *Johnson v. United States*, 559 U.S. 133 (2010)).

The Ninth Circuit also looked to a ruling from the Supreme Court of the United States, in which the Supreme Court determined that, with respect to a statute regulating any item "designed ... for use with illegal cannabis or drugs," the phrase "designed" referred to the objective "structural characteristics" of the item and not the subjective intent of its creator. *See id.* (citing *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 501 (1982)). The Ninth Circuit determined, as did the Supreme Court, that "the subjective intent of the manufacturer is relevant only insofar as it is reflected in the 'objective features' of the product." *See id.* (citing *Hoffman*, 455 U.S. at 501).

Finally, the Ninth Circuit determined that because the "designed to shoot language" did not include "intent" language, the defendant could not reasonably read

---

[1] In an earlier case, *United States v. Campbell*, 427 F.2d 892 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit ruled that an earlier version of 26 U.SC. § 5845(b) was not unconstitutionally vague. Both the United States and Defendant agree that *Campbell* does not dictate the outcome of this case because the earlier version of the statute did not contain the currently challenged language, and in any event, preceded the passage of 18 U.S.C. § 922(o). (Doc. 25-1 at 3–4; Doc. 27 at 4–5). The Court agrees with this assessment.

5

a requirement of defendant's knowledge of the manufacturer's subjective intent into the statute. *See id.* In coming to this conclusion, the Ninth Circuit explicitly contrasted the "parts designed and intended" language, which Defendant challenges in this case, with the "designed to shoot language" challenged by the *Kuzma* defendant:

> That the relevant phrase *here* is "designed to shoot"—and not "designed and intended to shoot"—supports our conclusion that this phrase requires a purely objective examination of the design features of the device and not an inquiry into the manufacturer's subjective intent. *See Russello v. United States*, 464 U.S. 16, 23, (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'") (citation omitted).

*Id.* at 968–69.

Here, Defendant focuses on the inclusion of the "designed and intended" language in the challenged portion of § 5845(b). (Doc. 25-1 at 7–8). He argues that, unlike in *Kuzma*, the challenged language in this case explicitly includes an "intent" requirement, and therefore a requirement that Defendant know the subjective intent of the machinegun conversion devices' creator(s). (*Id.*)

The United States argues that inclusion of an "intent" requirement in the challenged portion of § 5845(b) does not necessarily render it unconstitutionally vague. (Doc. 27 at 5–7). Acknowledging the dearth of cases analyzing the "designed and intended" language, the United States points to one force-reset trigger case in which a court generally found that § 5845(b) is not unconstitutionally vague in the

6

context of a broad vagueness challenge. (*See id.* (citing *United States v. Berríos-Aquino*, No. CR 22-00473, 2024 WL 1468488, at *4 (D.P.R. Apr. 4, 2024)) ("The Court finds that the statutory standard that a weapon or a part that might convert a weapon into a firearm with the capacity to shoot more than one round without manual reloading is clear on its face.")). The United States also argues that drug statutes that use similar language to the "designed and intended" phrasing of § 5845(b) have been upheld under vagueness challenges in other jurisdictions. (*See id.*); *Fla. Businessmen for Free Enter. v. City of Hollywood*, 673 F.2d 1213 (11th Cir. 1982) (upholding "designed for use" language); *Garner v. White*, 726 F.2d 1274 (8th Cir. 1984) (upholding "intended for use, or designed for use"); *United States v. Dyer*, 750 F. Supp. 1278 (E.D. Va. 1990) (upholding "primarily intended or designed"). Under these cases, the United States argues, if the "intent" adheres to anyone, it adheres to Defendant's knowledge of the objective characteristics of the item in question. (*See id.*).

As an initial matter, the Court notes that Defendant presents no evidence that the United States arbitrarily or discriminatorily applied the statute to him. At best, Defendant's arguments hinge on the *Kuzma* court's suggestion that introducing explicit "intent" language may create an intent requirement. However, the *Kuzma* court did not have occasion to determine whether that "intent" applies to the

7

Defendant or the creator(s) of the machinegun conversion devices.[2] Defendant cites no affirmative authority for this proposition, and the Court finds the authorities provided by the United States and referenced analogous circumstances to be instructive in the resolution of this case. Because of this, the Court finds that the language challenged in § 5845(b) does not require Defendant to divine subjective third-party intent but rather observe the objective characteristics of the machinegun conversion devices. Accordingly, the "design and intent" language of § 5845(b) does not render the statute unconstitutionally vague, and the Court will not dismiss Count Two of the Indictment.[3]

---

[2] In any event, because the Ninth Circuit produced the *Kuzma* decision, it does not bind this Court. To the extent that *Kuzma* suggests that the "intent" language refers to third-party intent, the Court considers this to be persuasive but not controlling precedent.

[3] Defendant also challenges the language of § 5845(b) by arguing that the statute requires two different standards of intent: for "any part" the standard is "designed and intended *solely and exclusively*," whereas for "any … combination of parts" the standard is merely "designed and intended." (Doc. 25-1 at 8). The Court finds no great ambiguity here. If anything, the statute provides clarity by articulating different standards that should be applied depending on the circumstances.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 25)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 2nd day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**